UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 21 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

|  |  |
|---|---|
| William Hugh Collington,<br><br>Plaintiff,<br><br>v.<br><br>Department of Human Resources *et al.*,<br><br>Defendants. | Civil Action No. 12 1017 |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident suing Ricco Harris, Director of the Community for Creative Non-Violence ("CCNV") located in the District, "for mental anguish, violation of my civil rights and the tort of 'conversion.'" Compl. at 1. Although plaintiff also names the District's Department of Human Resources and Department of Human Services as defendants, the complaint's rambling allegations implicate only Harris in any wrongdoing.

Plaintiff alleges that during a verbal exchange with Harris on May 26, 2011, he requested to be excused from an apparent curfew set by CCNV's homeless shelter to attend to his "$400 new used-car," but Harris "ignored [plaintiff's] request . . . and call[ed] #911 the D.C. Protective Police to have [plaintiff] forcibly evicted from [his] car and imprison[ed]." *Id.* at 1-2. Plaintiff states, *inter alia*, that Harris' "legal right was to have me evicted from the shelter but not from my own car." *Id.* at 3. Plaintiff appears to blame Harris for the subsequent loss of his personal property, including his birth certificate and social security card, while also accusing Harris of using his personal property. *See id.* at 2. He seeks $200,000 in damages. *Id.* at 4.

The complaint neither presents a federal question nor provides a basis for diversity jurisdiction because plaintiff and Harris reside in the District. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted).[1] A separate Order of dismissal accompanies this Memorandum Opinion.

Date: June 18, 2012

/s/ Ellen S Huvelle
United States District Judge

---

[1] Plaintiff's recourse may lie, if at all, in the Superior Court of the District of Columbia.

2